JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

    - v. -

GREGORY REED,
   a/k/a "Sharkey,"
JOHN JOHNSON, and
RONNIE GONZALEZ,
   a/k/a "Satan,"

             Defendants.

- - - - - - - - - - - - - - - - -x

INDICTMENT

11 Cr.

**11 CRIM 487**

## COUNT ONE

The Grand Jury charges:

1. From at least in or about November 2007, up to and including on or about December 1, 2007, in the Southern District of New York and elsewhere, GREGORY REED, a/k/a "Sharkey," JOHN JOHNSON, and RONNIE GONZALEZ, a/k/a "Satan," the defendants, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, REED, JOHNSON, and GONZALEZ, and others known and unknown, agreed to commit a robbery of individuals believed to be in possession of narcotics and

narcotics proceeds, in the vicinity of 1275 Lafayette Avenue, Bronx, New York.

(Title 18, United States Code, Section 1951.)

## COUNT TWO

The Grand Jury further charges:

2. On or about December 1, 2007, in the Southern District of New York, GREGORY REED, a/k/a "Sharkey," JOHN JOHNSON, and RONNIE GONZALEZ, a/k/a "Satan," the defendants, knowingly attempted to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, REED, JOHNSON, and GONZALEZ attempted to rob individuals of their narcotics and narcotics proceeds in the vicinity of 1275 Lafayette Avenue, Bronx, New York, and, in the course thereof, killed, and aided and abetted the killing of one of the intended victims of the robbery.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE

The Grand Jury further charges:

3. On or about December 1, 2007, in the Southern District of New York, GREGORY REED, a/k/a "Sharkey," JOHN JOHNSON, and RONNIE GONZALEZ, a/k/a "Satan," the defendants,

willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery offenses charged in Counts One and Two of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course thereof did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, REED, JOHNSON, and GONZALEZ caused the death of Bernardo Garcia, by discharging, and aiding and abetting the discharge, of a firearm at Garcia in the vicinity of 1275 Lafayette Avenue, Bronx, New York.

(Title 18, United States Code, Sections 924(j) and 2.)

### SPECIAL FINDINGS AS TO GREGORY REED

Counts One through Three of the Indictment are re-alleged and incorporated by reference as though fully set forth herein. As to Counts One through Three of the Indictment, alleging the murder of Bernardo Garcia during an attempted Hobbs Act robbery, the defendant GREGORY REED, a/k/a "Sharkey":

    a.    was 18 years of age or older at the time of the offense;

    b.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the

offense, such that participation in the act constituted a reckless disregard for human life and Bernardo Garcia died as a direct result of the act, (Title 18, United States Code, Section 3591(a)(2)(D));

   c. knowingly created a grave risk of death to 1 or more persons in addition to the victim of the offense by committing the offenses described in Counts One through Three of the Indictment, (Title 18, United States Code, Section 3592(c)(5)); and

   d. committed the offenses described in Counts One through Three of the Indictment in the expectation of the receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)).

<u>SPECIAL FINDINGS AS TO JOHN JOHNSON</u>

Counts One through Three of the Indictment are re-alleged and incorporated by reference as though fully set forth herein. As to Counts One through Three of the Indictment, alleging the murder of Bernardo Garcia during an attempted Hobbs Act robbery, the defendant JOHN JOHNSON:

   a. was 18 years of age or older at the time of the offense;

   b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the

offense, such that participation in the act constituted a reckless disregard for human life and Bernardo Garcia died as a direct result of the act, (Title 18, United States Code, Section 3591(a)(2)(D));

    c. knowingly created a grave risk of death to 1 or more persons in addition to the victim of the offense by committing the offenses described in Counts One through Three of the Indictment, (Title 18, United States Code, Section 3592(c)(5)); and

    d. committed the offenses described in Counts One through Three of the Indictment in the expectation of the receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)).

### SPECIAL FINDINGS AS TO RONNIE GONZALEZ

Counts One through Three of the Indictment are re-alleged and incorporated by reference as though fully set forth herein. As to Counts One through Three of the Indictment, alleging the murder of Bernardo Garcia during an attempted Hobbs Act robbery, the defendant RONNIE GONZALEZ, a/k/a "Satan":

    a. was 18 years of age or older at the time of the offense;

    b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the

5

offense, such that participation in the act constituted a reckless disregard for human life and Bernardo Garcia died as a direct result of the act, (Title 18, United States Code, Section 3591(a)(2)(D));

    c. knowingly created a grave risk of death to 1 or more persons in addition to the victim of the offense by committing the offenses described in Counts One through Three of the Indictment, (Title 18, United States Code, Section 3592(c)(5));

    d. committed the offenses described in Counts One through Three of the Indictment in the expectation of the receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)); and

    e. had previously been convicted of a federal drug offense for which a sentence of five or more years may be imposed, to wit, a conviction on or about December 11, 1998, in the United States District Court for the Southern District of New York, of conspiracy to possess, and to possess with the intent to distribute, a controlled substance, in violation of Title 21, United States Code, Section 846 (Title 18, United States Code, Section 3592(c)(12)).

_/s/ Elizabeth B Gray_
FOREPERSON

_/s/ Preet Bharara_
PREET BHARARA
United States Attorney