UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>RONNIE GONZALEZ,<br>　　　　　　　　　　　　Defendant.<br><br>RONNIE GONZALEZ,<br>　　　　　　　　　　　　Petitioner,<br><br>-v-<br><br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　　　Respondent. | No. 11-cr-487-3 (RJS)<br><br>No. 16-cv-4184 (RJS)<br><br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

　　Ronnie Gonzalez – along with his coconspirators, Gregory Reed and John Johnson – was convicted following a jury trial of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count One"); attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 ("Count Two"); and using a firearm to cause the death of a person during and in relation to crimes of violence, "namely, the robbery offenses charged in Counts One and Two," in violation of 18 U.S.C. §§ 924(j) and 2 ("Count Three"). (Doc. No. 5 at 3.)[1] On January 22, 2013, the Court sentenced Gonzalez to twenty years' imprisonment on each of Counts One and Two, and to thirty years' imprisonment on Count Three, all to run concurrently with each other. (Doc. No. 81.) The Second Circuit affirmed Gonzalez's conviction and sentence, and the Supreme Court denied

---

[1] Unless otherwise specified, all citations to ECF documents refer to the docket in Gonzalez's criminal case, No. 11-cr-487-3.

1

certiorari.  *See United States v. Reed*, 570 F. App'x 104 (2d Cir. 2014), *cert. denied sub. nom. Gonzalez v. United States*, 574 U.S. 985 (2014).

Gonzalez then moved under 28 U.S.C. § 2255 to vacate his conviction and sentence, arguing that his counsel rendered ineffective assistance.  (Doc. No. 106.)  Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Gonzalez sought to amend his motion to also challenge his conviction and sentence under Count Three, arguing that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague.  (Doc. No. 108.)  Pursuant to the Court's standing order, No. 16-mc-217 (CM) (S.D.N.Y. June 8, 2016), the Court deemed Gonzalez's motion to amend as a "placeholder," and stayed the proceeding sine die pending the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Taylor*, 142 S. Ct. 2015 (2022), and the Second Circuit's decision in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019).  (*See* Doc. Nos. 111, 116, 141, 173.)

While Gonzalez's motion was stayed, the Supreme Court held in *Davis*, 139 S. Ct. at 2319, that an offense could qualify as a predicate "crime of violence" under section 924(c) only if it categorically "has as an element the use, attempted use, or threatened use of physical force," 18 U.S.C. § 924(c)(3)(A).  After *Davis*, the Supreme Court and the Second Circuit respectively held that attempted Hobbs Act robbery and Hobbs Act conspiracy – the two predicate offenses underlying Gonzalez's Count Three conviction – could not qualify as categorical crimes of violence under section 924(c) because their elements do not include the use, attempted use, or threatened use of physical force.  *See Taylor*, 142 S. Ct. at 2025 (holding that attempted Hobbs Act robbery does not qualify as a crime of violence under section 924(c)); *Barrett*, 937 F.3d at 130 (holding that Hobbs Act conspiracy does not qualify as a crime of violence under section 924(c)).

In light of *Davis*, *Taylor*, and *Barrett*, the Court lifted the stay it previously imposed (Doc. No. 179), and the parties informed the Court that they consented to vacatur of Gonzalez's

conviction and sentence under Count Three (Doc. No. 181). On February 15, 2023, the Court granted Gonzalez's petition as it pertained to Count Three and resentenced Gonzalez to an aggregate term of twenty-six years' imprisonment on Counts One and Two of the Indictment, with credit for time served since July 14, 2018. The Court now addresses the remaining arguments made in Gonzalez's section 2255 motion.[2]

With respect to Gonzalez's claim of ineffective assistance of counsel, he must show that his counsel's performance was both objectively unreasonable and prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687–96 (1984). To satisfy the first prong, Gonzalez must demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of "prevailing professional norms." *Id.* at 688. To satisfy the second prong, Gonzalez must demonstrate a "reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, Gonzalez argues that his trial "counsel was ineffective for not objecting to the testimony of Joshua Colon" and for failing to "mov[e] for a bill of particulars." (Doc. No. 106 at 16, 28.) As a threshold matter, the Court does not find that trial counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688. Contrary to Gonzalez's assertions, the record demonstrates that trial counsel vigorously examined Colon at trial, attacking both the factual basis of Colon's testimony (Trial Tr. 1393 (objecting to Colon's testimony regarding Gonzalez's physical location during the robbery for lack of foundation)), as

---

[2] With respect to Gonzalez's section 924(j) argument, there can be no question that the robbery offenses committed by Gonzalez and his coconspirators were not only violent but murderous. (*See* PSR ¶¶ 11–17.) The Court was nonetheless obliged to vacate Gonzalez's conviction under Count Three because, under binding precedent, Hobbs Act conspiracy and attempted Hobbs Act robbery do not categorically qualify as crimes of violence for purposes of section 924(j), *see Taylor*, 142 S. Ct. at 2025; *Barrett*, 937 F.3d at 130. Accordingly, the Court granted Gonzalez's motion to vacate his conviction and sentence on Count Three of the Indictment. Gonzalez also claims that his counsel – at trial and on direct appeal – provided ineffective assistance by failing to challenge the Court's jury instruction regarding Count Three of the Indictment. (Doc. No. 106 at 29–32.) In light of the Court's vacatur of Gonzalez's conviction and sentence under Count Three, the Court denies Gonzalez's claim of ineffective assistance with respect to Count Three as moot.

well as Colon's credibility as a cooperating witness (Trial Tr. 1464–89 (eliciting testimony from Colon that he cooperated with the government in this case in exchange for, among other things, the government's 5K letter at sentencing).) Moreover, trial counsel's decision not to move for a bill of particulars was not unreasonable because the Indictment adequately informed Gonzalez of the charges against him. *See United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) ("The function of a bill of particulars is to provide defendant with information about the details of the charge against him . . . and to avoid prejudicial surprise at the trial."). The Court therefore cannot find that Gonzalez's claim of ineffective assistance satisfies the first prong under *Strickland*.

In any event, even if it could be argued that trial counsel's performance was objectively deficient, there is no reason to think that the outcome of the trial "would have been different" but for counsel's alleged errors. *Strickland*, 466 U.S. at 694. Instead, the evidence adduced at trial amply supports the jury's finding that Gonzalez participated in the planning of the robbery (*see, e.g.*, Trial Tr. 527:23–528:4); agreed to execute the robbery with his coconspirators (*see, e.g.*, Trial Tr. 524:6–527:16), and acted as the lookout during the robbery (*see, e.g.*, Trial Tr. 541:25–542:5; 1079:8–12). In light of the "overwhelming" evidence of Gonzalez's guilt on Counts One and Two of the Indictment, the Court cannot find that there was a "reasonable probability that the outcome of the trial would have been different." *See Wise v. Smith*, 735 F.2d 735, 738–39 (2d Cir. 1984) (internal quotation marks omitted). Accordingly, Gonzalez's motion to vacate his conviction and sentence on Counts One and Two of the Indictment based on ineffective assistance of counsel is DENIED.

For the foregoing reasons, and for the reasons stated on the record during the sentencing proceeding held on February 15, 2023, IT IS HEREBY ORDERED THAT Gonzalez's section 2255 motion is GRANTED with respect to his conviction and sentence under Count Three

of the Indictment and DENIED in all other respects.  IT IS FURTHER ORDERED THAT Gonzalez's conviction and sentence under Count Three of the Indictment are VACATED.

In addition, because Gonzalez has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court will not issue a certificate of appealability with respect to his section 2255 motion, *see Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).  Furthermore, because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, Gonzalez may not proceed *in forma pauperis*, *see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to terminate the motions pending at Case No. 11-cr-487-3, Doc. No. 106.

SO ORDERED.

Dated:    March 1, 2023
          New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

5